**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**BLUEFIELD DIVISION**

UNITED STATES OF AMERICA,

                Plaintiff,

v.                                      CRIMINAL ACTION NO. 1:08-cr-00043

JOHN CHARLES WELLMAN,

                Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion to Sever Counts [Docket 55] and Defendant's Motion in Limine to Preclude the Admission of Facts Pertaining to the Defendant's Prior Conviction at Trial [Docket 61]. These motions have been fully briefed and are ripe for the Court's consideration.

*I. FACTS AND PROCEDURAL HISTORY*

On May 3, 2007, pursuant to a search warrant, officers of the West Virginia State Police searched Defendant's house in Mercer County, West Virginia. (Docket 86 at 4-5.) During the search, Defendant volunteered a DVD containing child pornography, and he admitted that additional child pornography was stored on hard drives and in other formats in the house. (*Id.* at 5.) The officers seized a number of firearms, ammunition, and computer equipment containing a large amount of child pornography during the search. (*Id.*) Also during the search, officers found a photographic dark room as well as professional lighting devices, backdrops, children's costumes and toys, child-sized leather restraints, and "other items related to sadomasochism and bondage."

(Docket 88 at 5.)[1]  After being advised of his rights pursuant to *Miranda v. Arizona*, 384 U.S. 436, 479 (1966), Defendant admitted to downloading child pornography, engaging in sexually explicit conversations with children online, participating in peer-to-peer sharing of child pornography, and owning firearms after being convicted of a sexual offense involving a minor.  (*Id.*)

On February 21, 2008, Defendant was named in a four-count indictment charging him with the following offenses: (1) receipt of an obscene image of a minor engaged in sexually explicit conduct, in violation of 18 U.S.C. § 1466A(a); (2) receipt of obscene visual representations of sexual abuse of children while being required to register as a sex offender, in violation of 18 U.S.C. § 2260A; (3) knowing possession of hundreds of digital images and video files of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B); and (4) possession of seven firearms after being convicted of a felony, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

The Court held a pretrial conference on January 12, 2009.  At the conference, the Court heard argument regarding Defendant's motion in limine to preclude evidence of Defendant's 1987 conviction and Defendant's motion to sever counts.[2]

---

[1]  Defendant filed a motion to suppress evidence. (Docket 52).  Magistrate Judge VanDervort conducted an evidentiary hearing on the matter and, on November 12, 2008, entered Proposed Findings & Recommendations,  recommending that the Defendant's motion to suppress evidence be denied.  (Docket 86.)  The Court entered a memorandum opinion on January 7, 2009, adopting the proposed findings and recommendations of Magistrate Judge VanDervort.  (Docket 90).

[2]  The Court denied Defendant's Motion to Dismiss Counts One and Two of the Indictment [Docket 59] at the pretrial conference and memorialized its decision in an order entered on January 13, 2008 [Docket 97].  Also, at the pretrial conference and in its order, the Court directed the United States to file, under seal, the images and/or videos it intends to introduce at trial.

## II.  DEFENDANT'S MOTION IN LIMINE

On July 25, 2008, the United States informed Defendant of its intent to introduce evidence of  Defendant's 1987 conviction for Sexual Abuse in the First Degree at trial.[3]  Defendant requests that the United States be precluded from introducing or referring to West Virginia court records and police reports pertaining to Defendant's 1987 conviction.

### A.  Rule 414

The United States argues that Defendant's 1987 conviction should be admitted under Rule 414 of the Federal Rules of Civil Procedure.  Rule 414 provides:

> In a criminal case in which the defendant is accused of an offense of child molestation, evidence of the defendant's commission of another offense or offenses of child molestation is admissible, and may be considered for its bearing on any matter to which it is relevant.

Fed. R. Evid. 414(a).  Before evidence is admissible under Rule 414, (1) the defendant must be accused of a crime involving child molestation, (2) the evidence being admitted must be evidence of the defendant's commission of another offense involving child molestation, and (3) the danger of unfair prejudice must not substantially outweigh the probative value of the evidence.  *See generally*, *United States v. Kelly*, 510 F.3d 433, 436-37 (4th Cir. 2007).  An "'offense of child molestation' means a crime under Federal law . . . that involved – (1) any conduct proscribed by chapter 109A of title 18, United States Code, that was committed in relation to a child; [or] (2) any conduct proscribed by chapter 110 of title 18, United States Code."  Fed. R. Evid. 414(d)(2).

---

[3]  It is undisputed that on July 23, 1987, Defendant pled guilty of "Sexual Abuse in the First Degree," in violation of Section 61-8B-7 (a) (3) of the West Virginia Code.  This charge stemmed from Defendant's use of physical force to coerce a six-year-old boy to engage in sexual intercourse with the Defendant.

3

Defendant argues that "Rule 414 is not applicable to Counts One or Four of the Indictment [because] those charged offenses do <u>not</u> fall within Chapters 109A or 110 of the U.S. Code." (Docket 61 ¶ 8.)[4]  Therefore, Defendant asserts, "Rule 609 of the Federal Rules of Evidence would preclude the Government from introducing any details relating to a defendant's prior conviction during their case in chief for Counts One and Four."  *Id.*[5]

Conversely, the United States argues that Rule 414 is applicable to Count One.  Specifically, the United States argues that "[a]lthough the [D]efendant's receipt of child pornography was charged as a violation of 18 U.S.C. § 1466A, the [D]efendant's conduct violates various sections of chapter 110 of Title 18, United States Code."  (Docket 76 at 9.)[6]  The United States argues that "[s]ince, in Count One, the [D]efendant is accused of a crime under Federal law that involved conduct proscribed by chapter 110 of title 18, United States Code, evidence of his prior offense is admissible under Rule 414."  (*Id.*)

It is clearly established that "the meaning of a statute must, in the first instance, be sought in the language in which the act is framed, and if that is plain, and if the law is within the constitutional authority of the lawmaking body which passed it, the sole function of the courts is to enforce it according to its terms."  *Caminetti v. United States*, 242 U.S. 470, 485 (1917) (citations omitted).  The language in Rule 414 clearly states that an "offense of child molestation" means

---

[4]  Defendant's prior conviction is clearly admissible under Rule 414 for the purposes of proving Counts Two and Three, and Defendant does not argue otherwise.  In addition, the analysis with regard to Count Four is entirely different from that with regard to Count One and will be addressed later in this opinion.

[5]  The analysis of Rules 404(b) and 414 contained herein obviates the need for any discussion of Rule 609.

[6]  As an example, the United States points to 18 U.S.C. § 2252A (a) (2), which prohibits the knowing receipt of child pornography that has traveled through interstate commerce.

4

conduct proscribed by chapters 109A and 110 of the United States Code.  It is also noteworthy that

Rule 414 does not define "offense of child molestation" as a conduct "similar to" or "like that"

proscribed by chapters 109A and 110.  For these reasons, the Court rejects the reasoning of *United*

*States v. Sturm*, No. 06-cr-342-LTB, 2008 WL 5396326 (D. Colo. Dec. 11, 2008).

In Count One, Defendant is charged with receipt of an obscene image of a minor engaged

in sexually explicit conduct, in violation of 18 U.S.C. § 1466A(a).  This is not a violation of

Chapters 109A or 110 of the United States Code.  Therefore, by applying the "plain meaning" of

Rule 414, it does not apply to Count Four.

*B.  Rule 404(b)*

Though Defendant's 1987 conviction is not admissible to Count One under Rule 414, it will

be admissible under Rule 404(b) if its purpose is to show

> proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or
> absence of mistake or accident, provided that upon request by the accused, the
> prosecution in a criminal case shall provide reasonable notice in advance of trial, or
> during trial if the court excuses pretrial notice on good cause shown, of the general
> nature of any such evidence it intends to introduce at trial.

Fed. R. Evid. 404(b).  In a recent opinion by the Fourth Circuit, the court held that evidence of the

defendant's prior conviction of receiving child pornography was admissible under Rule 404(b) in

the defendant's trial for downloading obscene Japanese anime cartoons and other child pornography

from the Internet in violation of 18 U.S.C. § 1466(a)(1) and other statues.  *United States v. Whorley*,

No. 06-4288, 2008 WL 5265645, *9 (4th Cir. Dec. 18, 2008).  In *Whorley*, the court stated that

because the defendant was not willing to concede that he knowingly received the charged images

or that he knew some of the images contained minors, the prior conviction was admissible to prove

lack of mistake and knowledge.  *Id.*

5

In the case at hand, Defendant has stipulated that the individuals in the charged images and videos are actual minors. However, Defendant has not stipulated that he knowingly viewed the images or that viewing the images was not a mistake. In addition, in its July 25, 2006, supplemental discovery response, the United States informed Defendant that it intended to introduce evidence pertaining to Defendant's 1987 conviction. Thus, the United States provided notice as required by Rule 404(b). Therefore, in accordance with the reasoning in *Whorley*, Defendant's prior conviction is admissible under Rule 404(b) for purposes of proving Count One.

*C. Rule 403*

Defendant also argues that his prior conviction should be excluded under Rule 403 because the probative value of the evidence is substantially outweighed by the prejudicial impact of the evidence. Defendant argues that "[t]he charged conduct was a one-time incident which occurred during the summer of 1986, approximately [twenty-two] years ago." (Docket 61 ¶ 6.) Defendant further argues that "[t]he past conduct is not similar in nature to the charged conduct of possessing images of child pornography." (*Id.*) Defendant also asserts that "[t]he Government has no other evidence of similar acts of sexual misconduct committed by the [D]efendant against any minor which took place during the [twenty-two] year interval between the prior conviction and the charged conduct." (*Id.*) Defendant claims that "[t]hese factors demonstrate that the introduction of the prior conviction would be of limited relevance toward assisting the Government in showing the [D]efendant's intent to possess images of child pornography." (*Id.*) Finally, Defendant makes the following argument regarding the prejudicial impact he claims would be caused by the admission of his prior conviction:

> Upon introduction of the inflammatory nature of the conviction, the jury's view of
> the [D]efendant is going to be tainted by the stigma associated with convicted child

6

sex offenders.  Today, convictions for sex offenses involving children carry harsh sentences and life-long ramifications as released offenders have to abide by strict registry requirements requiring them to provide their home address for posting on [I]nternet web sites.  Some jurors will get emotionally charged over this news and become unduly distracted by the same instead of focusing on the presented testimony and evidence.  The potential for distraction and unfair prejudice created with this type of evidence significantly outweighs any probative value to the Government's case.

(*Id.* ¶ 7.)

Rule 403 states, "[a]lthough relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."  Fed. R. Evid. 403.  "A district court has 'wide discretion' in admitting or excluding evidence under Rule 403."  *Kelly*, 510 F.3d at 437 n.3 (citing *United States v. Heyward*, 729 F.2d 297, 301 n.2 (4th Cir. 1983).  In conducting a Rule 403 analysis, a district court should consider a number of factors, including "(i) the similarity between the previous offense and the charged crime, (ii) the temporal proximity between the two crimes, (iii) the frequency of the prior acts, (iv) the presence or absence of any intervening acts, and (v) the reliability of the evidence of the past offense."  *Kelly*, 510 F.3d at 437.[7]

The United States has addressed many factors, including those listed in *Kelly*, in detail.  First, the United States indicates that it only seeks to introduce official records of Defendant's prior

---

[7]  The *Kelly* court noted, "There is a circuit split on whether a district court must address these or other specific factors and make findings. The Ninth Circuit requires this, whereas the Seventh Circuit adopts a more flexible approach and does not dictate a specific analysis."  *Kelly*, 510 F.3d at 437 n. 3 (citations omitted).  The court stated that "[a]lthough disposition of [the *Kelly*] case [did] not require choosing between these views, the Seventh Circuit's more flexible approach seems preferable in view of this circuit's general view that a district court has 'wide discretion' in admitting or excluding evidence under Rule 403."  *Id.*

conviction.  The United States argues that the records it seeks to enter are reliable because they are certified copies of official court records.  In addition, the United States asserts that the prior conviction and charged conduct are similar because, among other reasons, "the child pornographer, like the child rapist, displays a sexual interest in children."  (Docket 76 at 14)(citations omitted). Similar to the relevancy argument, the United States asserts that admission of the prior conviction is necessary to combat Defendant's likely defense that he did not knowingly or intentionally receive or possess child pornography.

Furthermore, the United States addresses the issue of temporal proximity.  It argues that Congress "explicitly rejected imposing any time limit on prior sex offense evidence" when Rule 414 was enacted.  The United States listed a number of cases where evidence of convictions of prior child molestation was admitted into evidence twenty to thirty years after the conviction.  *See e.g.*, *United States v. Meacham*, 115 F.3d 1488 (10th Cir. 1997).  The United States also asserts that though Defendant has no other convictions, Defendant's own admission in his statement to the West Virginia State Police that he has been collecting child pornography for approximately thirty years indicates that his prior conviction, although based upon more egregious conduct, was not an entirely isolated incident.

Finally, the United States argues that admission of Defendant's prior conviction is not unfairly prejudicial.  In support of this claim, the United States cites to the *Kelly* case, where the Fourth Circuit upheld the ruling of Chief Judge Goodwin to allow evidence of the defendant's prior conviction into evidence.  *Kelly*, 510 F.3d at 438.  In *Kelly*, Judge Goodwin had allowed evidence of the defendant's conviction for attempted rape of a twelve-year-old into evidence during the defendant's trial for traveling in interstate commerce for the purpose of engaging in illicit sexual

conduct, in violation of 18 U.S.C. § 2423(b).  *Id.* at 435.  The court allowed the evidence despite the fact that the defendant's prior conviction was twenty-two years old.  *Id*. at 437.  In upholding Judge Goodwin's decision, the Fourth Circuit stated, "While the prior conviction was undoubtedly prejudicial to [the defendant's] defense, it was not *unfairly* prejudicial.  Rather, it was prejudicial 'for the same reason it is probative – it tends to prove [the defendant's] propensity to molest young children.'" *Id.* at 437-38 (emphasis in the original) (citations omitted).  The court also noted that the government only presented the official record of the prior conviction rather than attempting to seek inflammatory testimony about the defendant's prior conviction, which minimized the risk of unfair prejudice to the defendant.  *Id.* at 438.

As in *Kelly*, Defendant's prior conviction is similar to the crimes for which he is charged in Counts One through Three.  Defendant's prior conviction involved the sexual abuse of a child, and Defendant is currently charged with receipt and possession of images depicting the sexual abuse of children.  Whether indulging in child pornography or raping a child, an individual who does either or both is obviously motivated by a sexual interest in children. In addition, though possession of child pornography is different from sexual abuse of a child, each involves the exploitation of a child.

Also, as in *Kelly*, the age of the prior conviction, the lack of frequency of the prior conduct, and the lack of intervening events are not dispositive in the case at hand.  Instead, in addition to the similarities of the offenses, the Court is persuaded by the reliability of the evidence of Defendant's prior conviction.  The United States does not seek to elicit testimony of the victim of Defendant's prior offence.  It merely seeks to introduce the official records of the conviction.  Not only are these documents reliable, but their introduction will not be time-consuming.  Furthermore, limiting the

evidence of Defendant's prior conviction to these documents will minimize any prejudicial effect that the introduction of Defendant's prior conviction might have.[8]

Thus, the probative value of the Defendant's 1987 conviction is not substantially outweighed by the danger of unfair prejudice or by other Rule 403 concerns.  Accordingly, Defendant's motion to preclude the admission of facts pertaining to Defendant's prior conviction at trial is **DENIED** for purposes of proving Counts One through Three.

## III.  DEFENDANT'S MOTION TO SEVER COUNTS

The Defendant requests relief in the form of severance and that three separate trials be scheduled so that Counts One and Three are heard together and Counts Two and Four are each tried separately.  Defendant claims that "[e]ven if joinder is proper with the first three [c]ounts, there should be three separate trials given to the [D]efendant because the [D]efendant will suffer undue prejudice if all four counts are tried together."  (Docket 55 at 1).  Defendant argues that the admission of Defendant's prior conviction, which would be necessary for a conviction for Count Two, would be prejudicial as to the remaining three counts.  The Court has already determined that evidence of Defendant's prior conviction is admissible for the purpose of proving Counts One through Three.  Because Defendant's argument that Counts One through Three should be severed is based on the admissibility of that evidence, Defendant's motion to sever Counts One through Three is **DENIED**.

With respect to the severance of Count Four, Defendant makes two arguments.  First, Defendant claims that Count Four is improperly joined with the other three counts in violation of

---

[8]  If requested, a limiting instruction could also be given at trial to reduce the degree of prejudice.

Rule 8(a) of the Federal Rule of Criminal Procedure.  In addition, Defendant claims that even if joinder is considered appropriate, the Court should order separate trials to avoid prejudice.

The United States argues that Count Four was appropriately joined.[9]  The United States asserts that "the guns possessed by the [D]efendant were found during the same search that uncovered the [D]efendant's massive collection of child pornography."  (Docket 77 at 2.)  In addition the United States claims that "proving the [D]efendant is a convicted felon is an element of Count Four."  (*Id.* at 3.)  Finally, the United States argues that "joinder of these charges is necessary to avoid the needless duplication of judicial proceedings."  (*Id.*)

Rule 8(a) of the Federal Rules of Criminal Procedure provides that "[t]he indictment . . . may charge a defendant in separate counts with [two] or more offenses if [1] the offenses charged . . . are of the same or similar character, . . . [2] are based on the same act or transaction, or [3] are connected with or constitute parts of a common scheme or plan." Fed. R. Crim. P. 8(a).  "Rule 8(a) 'permit[s] very broad joinder' because of the efficiency in trying the defendant on related counts in the same trial." *United States v. Cardwell*, 433 F.3d 378, 385 (4th Cir. 2005) (citing *United States v. Mackins*, 315 F.3d 399, 412 (4th Cir. 2003) (citations omitted).  "Rule 8(a) is 'not infinitely elastic,' however, because unrelated charges create the possibility that a defendant will be convicted based on considerations other than the facts of the charged offense."  *Id.*

Fed. R. Crim. P. 14 (a) states, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that

---

[9]  At the January 12, 2009, hearing, the United States admitted that its argument with regard to severance is more "tentative" when applied to Count Four.

justice requires." "[A] district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Zafiro v. United States*, 506 U.S. 534, 539 (1993).

In this case, the United States has proffered no evidence tending to show a relationship between Count Four and the other three counts except that evidence of each crime was found during the same search. In addition, the United States asserts that "[e]vidence that will be offered to prove Count Two, namely, that the [D]efendant was previously convicted of the felony offense of first degree sexual abuse, is necessary and relevant to prove an element of Count Four." (Docket 77 at 3.) However, for purposes of Count Four, Defendant is "willing to stipulate that he has a prior felony conviction to avoid having the details of the conviction be presented to the jury." (Docket 55 at 4.) This offer by the Defendant invokes the protection afforded by *United States v. Poore*, 594 F.2d 39 (4th Cir. 1979). The court in *Poore* held that if a defendant who is charged with being a felon in possession agrees to stipulate that he is a convicted felon, the Government is not only precluded from presenting any further evidence of the conviction but also must accept the stipulation. *Id.* at 43.

Beyond the *Poore* problem, Defendant has shown that trying Count Four with the other counts presents a serious risk that the jury would not make a reliable judgment. Specifically, Defendant claims that the jury could convict Defendant of Count Four not based on evidence introduced against him as to that count but on the basis of the alleged conduct in Counts One through Three. Regardless of whether joinder of Count Four was appropriate, based up *Poore* and the inevitable unfair prejudice that evidence of Counts One through Three would bring to a trial of

Count Four, this Court will exercise its authority under Rule 14(a) to sever Count Four from the rest of the case.

Accordingly, Defendant's motion to sever is **GRANTED** as to Count Four.[10]  Counts One through Three will be tried as scheduled, and a scheduling order for trial on Count Four will be entered at a later date.

### III.  CONCLUSION

Defendant's Motion to Sever Counts [Docket 55] is **GRANTED IN PART AND DENIED IN PART**.  In particular, Defendant's motion is **GRANTED** to the extent that Count Four will be tried separately from Counts One through Three and **DENIED** on all other grounds.  Defendant's Motion in Limine to Preclude the Admission of Facts Pertaining to the Defendant's Prior Conviction at Trial [Docket 61], is **GRANTED IN PART AND DENIED IN PART**.  Defendant's Motion is **GRANTED** to the extent that Defendant's prior conviction will not be admitted at Defendant's trial on Count Four and is **DENIED** as to the trial of Counts One through Three.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER:        January 20, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE

---

[10]  On the basis of this severence and the dictates of *Poore*, Defendant's motion in limine [Docket 61], more fully discussed *supra* in Section II, is **GRANTED** as to the separate trial of Count Four.