IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

v.                            CRIMINAL ACTION NO. 1:08-cr-00043

JOHN CHARLES WELLMAN,

        Defendant.

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendant's Motion in Limine to Exclude Other Bad Acts Evidence at Trial [Docket 54] and Defendant's Supplemental Motion in Limine to Exclude Other Bad Acts Evidence at Trial [Docket 98]. The memoranda of the United States and Defendant indicate that some evidentiary issues have been resolved, and only those discussed herein remain.

*I.*

First, the United States seeks to introduce twenty-four of the 356 photographs of Defendant's residence. Those photographs were taken by the West Virginia State Police during the execution of its May 3, 2007, search warrant and include the location of Defendant's computer media and firearms. Defendant claims that these photographs are irrelevant and, therefore, inadmissable under Rule 401 of the Federal Rules of Evidence.[1] Pictures of any firearms found at

---

[1] Rule 401 of the Federal Rules of Evidence merely provides the definition of "relevant evidence" as meaning "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable that it would be without the
(continued...)

Defendant's home are inadmissable under Rule 402[2] of the Federal Rules of Evidence because they are irrelevant since the firearms count has been severed and will not be at issue in the first trial on the child pornography counts. However, the remaining photographs are relevant to the extent that they show the location of Defendant's computer and other digital media found during the search which is the central event in this case. In addition, there is no danger of unfair prejudice and none of the other dangers or considerations listed in Rule 403[3] of the Federal Rules of Evidence outweigh the probative value of these pictures. Therefore, the remaining pictures of Defendant's home are admissible.

The United States also seeks to introduce two pages of antiquated sales flyers of child pornographic media; Defendant's Mirandized statement to Sergeant Christopher Smith of the West Virginia State Police, where Defendant claimed that most countries in the world do not view child pornography as a crime; and Defendant's Mirandized responses to the following questions posed during an interview with Sergeant Smith, which occurred on May 3, 2007: (1) what is Defendant's sexual preference (he is a voyeur of "kiddie porn"); (2) how many pictures of child pornography Defendant has (thousands); (3) how many videos of child pornography Defendant has

---

[1](...continued)
evidence."

[2] Rule 402 of the Federal Rules of Evidence states, "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

[3] Rule 403 of the Federal Rules of Evidence states, "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

(approximately fifty); (4) whether any of the materials Defendant obtained from the Internet depicted the rape of a child (Defendant first says yes, but he changes his answer to "not really"); (5) how many hours per day Defendant spends looking at images of child pornography (four or five); (6) whether Defendant is sexually attracted to children (he is); (7) whether Defendant has thousands of pictures and approximately fifty videos of child pornography (he does); (8) could Defendant describe some of the sexual acts which are taking place with the children (Defendant admitted that oral sex, anal sex, and intercourse were taking place); and (9) whether any of Defendant's child pornography involved bestiality (it does). The sales flyers, Defendant's statement, and the answers to each of these questions are all admissible under Rules 401 and 402 because they are relevant to show intent, knowledge, and lack of mistake. In addition, the probative value if this evidence is not "substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Fed. R. Evid. 403.

Defendant also argues that the following items found in Defendant's desk should be excluded: (1) two pages from a hotel notepad containing handwritten notes of Internet search terms, news groups, and addresses for websites where child pornography can allegedly be obtained, and (2) a printout of a July 12, 2002, e-mail with three printed black and white images of suspected child pornography sent from someone identified as "Boylover." Though this evidence concerns events remote in time from the charged offenses, it is probative to show Defendant's intent, knowledge, and lack of mistake involving the charged offense. *See generally*, *United States v. White*, 405 F.3d 208, 213 (4th Cir. 2005). The evidence tends to show that Defendant had the wherewithal and intent to seek out these materials by use of email and computers. Furthermore, the probative value of this

evidence is not substantially outweighed by the danger of unfair prejudice or other dangers or considerations listed in Rule 403. Therefore both pieces of evidence are admissible under Rules 401, 402, and 404(b)[4] of the Federal Rules of Evidence.

Accordingly, Defendant's motion in limine as it relates to the foregoing items of evidence is **DENIED**.

*II.*

However, the following evidence that the United States intends to introduce is inadmissable: one child-size restraining belt, one mouth gag, and Defendant's answer to Sergeant Smith's question regarding whether Defendant had any children's clothing around the house (he does). This evidence raises the inference that Defendant had personal contact with one or more children, and the United States has not alleged such contact or any crimes of that nature, at least since his 1987 conviction. In addition, such evidence is highly inflammatory. Therefore, it presents a danger of unfair prejudice that substantially outweighs its probative value, and it is inadmissable under Rule 403.

Also, the following evidence is inadmissable under Rule 403 because it is a "needless presentation of cumulative evidence": four photographs depicting underage women engaged in sexually explicit conduct, which were found under Defendant's mattress; four black and white

---

[4] Rule 404(b) of the Federal Rules of Evidence states,

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence it intends to introduce at trial.

photographs of a naked girl, which were found under Defendant's bed; and twenty-three drawings of children engaged in sexually explicit conduct, which were recovered from Defendant's desk. Though this evidence is inadmissable, testimony that the pictures and drawings were found will be allowed.[5]

Therefore, as to the items discussed in this section, Defendant's motion in limine is **GRANTED**.

*III.*

Finally, the United States seeks to introduce and Defendant seeks to exclude a statement Defendant made in a non-recorded interview with Sergeant Smith.  In that statement, Defendant advised that he has been collecting child pornography for decades and that his favorite child pornography video was of a one-year-old being raped.  Defendant's statement that he had been collecting pornography for decades is relevant to show knowledge, intent, and lack of mistake, and its probative value is not substantially outweighed by the danger of unfair prejudice or any other danger or consideration listed in Rule 403.  Therefore that portion of Defendant's statement is admissible, and Defendant's motion is **DENIED** at to that statement.

---

[5] The Court notes that Defendant argued that though he had stipulated that the children depicted in the images and videos that the United States intended to enter as direct evidence for Counts One through Three were real children, he did not stipulate that other images found were of real children. (Docket 98 at 3).  Therefore, Defendant claims that "the jury should not be shown any additional images of suspected child pornography where the government is not able to present sufficient proof that the images contained a depiction of a 'real child.'" (*Id.*)  Defendant cites to *Ashcroft v. Free Speech Coalition*, 535 U.S. 234 (2002) for that proposition.  However, *Ashcroft* only held that "a ban on non-obscene material that did not use real children was impermissibly overbroad." *United States v. Whorley*, 550 F.3d 326, 336 (4th Cir. 2008).  *Ashcroft* did not require the Government to prove that images admitted as circumstantial evidence contain real children.  In any event, because no images are being admitted other than those the United States intends to rely upon as direct evidence for Counts One through Three, Defendant's argument is apparently no longer an issue in this case.

However, Defendant's statement regarding the video of the rape of a one-year-old presents the risk of unfair prejudice as it would likely unnecessarily inflame the jury and is thus inadmissible under Rule 403. Defendants motion in limine as to this particular statement is **GRANTED**.

For the reasons stated above, Defendant's motions [Dockets 54 and 98] are **GRANTED IN PART AND DENIED IN PART**.

**IT IS SO ORDERED.**

The Court **DIRECTS** the Clerk to send a copy of this Order to the Defendant and counsel, the United States Attorney, the United States Probation Office, and the United States Marshal.

ENTER: January 23, 2009

THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE