IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

AT BLUEFIELD

**JOHN CHARLES WELLMAN,**

    **Movant,**

**v.**                                  **CASE NO. 1:13-cv-07949**
                                        **(CRIMINAL NO. 1:08-cr-00043-01)**

**UNITED STATES OF AMERICA,**

    **Respondent.**

## UNITED STATES RESPONSE TO MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255

Comes now the United States of America by Assistant United States Attorney, Larry R. Ellis, in opposition to the Motion to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody filed by movant John Charles Wellman (hereinafter, "Movant"). For the reasons set forth herein, the United States respectfully submits that Movant's claims are without legal merit or factual basis, and that, accordingly, the Court should deny the motion.

### ISSUES

Movant here contends he is being held in violation of the laws of the United States. He argues, particularly, that his incarceration results from ineffective assistance of counsel and

that the laws he was convicted of violating are not valid, given the manner in which they were enacted.

## BACKGROUND

On February 21, 2008, Movant was indicted in the Southern District of West Virginia on four counts:

1. Receipt of an image of a minor engaged in obscene, sexually explicit conduct, in violation of 18 U.S.C. § 1466(A)(2);

2. Receipt of visual representation relating to the sexual abuse of children while being a person required to register as a sex offender, in violation of 18 U.S.C. § 2260A;

3. Possession of child pornography, in violation of 18 U.S.C. § 2252A(a)(5)(B); and

4. Felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) and 924(a)(2).

Because Movant had previously been convicted of a crime relating to the sexual abuse of a child, that is, first degree sexual assault of a minor, he was exposed to enhanced penalties under this Indictment. Count One, given Movant's prior conviction, carried a mandatory minimum of 15 years and a statutory maximum of 40 years. A conviction under Count Two would expose Movant to an additional ten-year sentence, consecutive to that imposed under Count One. A conviction under Count Three would carry a ten-year mandatory minimum and a statutory maximum of 20 years.

2

Movant proceeded to a trial before a jury and was consequently convicted on Counts One, Two and Three.[1] On June 23, 2010, Movant was sentenced to 300 months. Movant filed a direct appeal to the Fourth Circuit. In an opinion filed on December 7, 2011, that court affirmed all three convictions and the resulting sentences. *United States v. Wellman,* 663 F.3d 224 (4th Cir. 2014). Certiorari was denied on April 16, 2012.

## 1. STANDARD OF REVIEW

To sustain a claim of ineffective assistance of counsel, a defendant must do more than make a cursory allegation of inadequate representation by counsel. To prove ineffective assistance of counsel, a defendant must satisfy the two-pronged test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). If a defendant has not satisfied the first prong of the *Strickland* test, the court does not need to inquire whether he has satisfied the second prong. *Strickland*, 466 U.S. at 697.

The first prong of *Strickland* requires a defendant to show that counsel's representation fell below an objective standard of reasonableness. *Strickland*, 466 U.S. at 687-88. However, *Strickland* established a "strong presumption that counsel's

---

[1] Count Four, the felon-in-possession count, had been severed. Given the guilty verdict on Counts One, Two and Three and the fact that a conviction under Count Four would not have affected Movant's Sentence, the Government elected not to proceed on Count Four.

3

conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* Furthermore, "effective representation is not synonymous with errorless representation." *Springer v. Collins*, 586 F.2d 329, 332 (4th Cir. 1978) (citing *Marzullo v. Maryland*, 561 F.2d 540 (4th Cir. 1977).

The second prong of *Strickland* requires a defendant to show that counsel's deficient performance prejudiced him. *Strickland*, 466 U.S. at 687. To establish prejudice, a defendant must show that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* This requires Movant to produce something more than conclusory statements.

    2.    <u>REASONABLENESS</u>

        A.    **Bungard's Communication With and Advice to Movant Regarding Possible Negotiations and Plea Agreements Was Well Within the Wide Range of Reasonable Professional Assistance**

Movant argues that his counsel "advised against" accepting the Government's plea offer and "was adament" (sic) on a jury trial. He contends that this purported legal advice was the reason that he did not enter into the agreement with the United

4

States.  Where a §2255 motion is based on the argument that Movant would have resolved the case against him differently but for counsel's erroneous advice, Movant, to prevail, must do more than make a bare allegation of attorney error.  *United States v. Horne*, 987 F.2d 833 (D.C. Cir. 1993); *Key v. United States,* 806 F.2d 133, 139 (7th Cir. 1986); *Gargano v. United States,* 852 F.2d 886 (7th Cir. 1988).

It is significant here that Movant never alleges that Mr. Bungard did not inform him of the Government's plea offer.  Rather, Movant simply asserts that Bungard "advised against [the] plea agreement," and "was adament (sic) on a jury trial."  Pet. P. 5.  Thus, even taking Movant's claims at face value, this case is immediately distinguished from that line of cases beginning with *Lafler v. Cooper*, ___ U.S. ____, 132 S.Ct. 1376 (2012), requiring that plea offers be communicated to a defendant.  See *United States v. Stockton*, 546 Fed.App'x 242 (4th Cir. 2013) (where § 2255 movant claims that his lawyer was ineffective in that he did not advocate vigorously for the plea agreement the Government offered.  Motion denied:  "We cannot conclude that counsel's decision, at this point and in the context of his client's rejection of the plea offer for the stated reason that he was innocent, to refrain from a vigorous attempt to change his client's mind was 'outside the wide range of professionally competent assistance.'")  *See also United*

5

*States v. Peters*, 518 Fed.App'x 162 (4th Cir. 2013), where § 2255 movant alleged ineffective assistance of counsel who, movant claimed, rejected a plea offer that movant had accepted. Movant's attorney contradicted the allegation. The Court denied relief and affirmed the conviction "because the record does not conclusively show that counsel was ineffective...".

In fact, the record in this case demonstrates that Movant was aware of the terms of the plea offer and further was fully aware of the likely sentencing consequences of pleading guilty versus taking his case to trial. Thus, Movant's current argument is meritless.

Movant claims that his attorney, David Bungard, insisted that he refuse the plea offer that had been made to him by the United States and, instead, face trial on all the charges in the indictment against him. There is simply no support in the record for this contention and it is directly contradicted not only by Bungard's Affidavit, but by the August 26, 2008 letter from Bungard to Movant.

Mr. Bungard, in the sworn affidavit submitted herein, states that he fully informed Movant of the sentence he would potentially face if convicted at trial and that he further informed Movant of the Government's offer to allow Movant to plead to a single count of possession of child pornography, which would have exposed Movant to a mandatory-minimum term of

6

10 years and a statutory maximum of 20 years. While Movant asserts that Bungard "was adament" (sic) about taking the case to trial, Bungard states that it was Movant who rejected the Government's plea offer out of hand, complaining that, for him, a 10-year sentence would be tantamount to a life term. (Bungard Affidavit pp. 1-8).

Bungard's advice, much of it contained in a letter to Movant that is now a part of this record, was accurate, sober and without the slightest hint that Bungard believed that a trial was the best option for Movant. Indeed, Bungard strongly warned Movant of the strength of the Government's case, the absence of credible defenses, the consequent improbability of success at trial, and the draconian dimensions of the penalties that would likely ensue upon a guilty verdict. There is not the slightest hint in Bungard's August 26, 2008 letter to Movant that Bungard favored a trial or encouraged Movant in that direction. Rather, Bungard advised Movant of his options for proceeding to trial or trying to negotiate a plea agreement and told Movant that he would have "a lot of time" to consider this decision. Bungard Affidavit, Exh. C., p. 1.

>       **B.  Bungard's Vigorous Advocacy for Movant at Sentencing Was Well Within the Wide Range of Reasonable Professional Assistance.**

Movant also claims that Mr. Bungard was ineffective in that he failed to argue "sentence stacking in light of Movant's age

7

and health." Movant merely asserts that Bungard failed to argue "sentence stacking." He does not define that term or offer any argument or authority in support of that purported concept. To prevail here, he must do far more than that. He must clearly define what he means by "sentence stacking" and show that any such doctrine would have been applicable to and persuasive in his case and that the arguments actually made on his behalf by Mr. Bungard did not implicate this purported "stacking" concept and that he was thereby prejudiced. *Strickland, Supra.*

In fact, in Fourth Circuit jurisprudence, the term "sentence stacking" refers to a means of increasing, not diminishing, prison time. In *United States v. Roberts*, 262 F.3d 286, 292 (4th Cir. 2001), the Fourth Circuit uses the term "sentence stacking" to describe the process of running sentences on separate counts of conviction consecutively where necessary to bring the total term of incarceration <u>up</u> to that level recommended by the Guidelines.

It is clear then, that "sentence stacking" as defined by the 4th Circuit, would not have been advantageous to the defendant in this case.

In this case, the court's sentencing options were strictly delineated under the charged statutes – one of which required a 10-year term, consecutive to other sentences imposed. 18 U.S.C. § 2260A. Given the plain language of that statute, the fact

8

that counsel did not protest its application was reasonable under the circumstances. Moreover, the fact that Movant had been earlier convicted of another felony related to the sexual abuse of children raised the potential sentence in the case and further limited the court's discretion. 18 U.S.C. § 2252(a)(A)(b)(1).

Further, the record of the proceeding below and Mr. Bungard's affidavit clearly show that Mr. Bungard appropriately advocated for Movant in urging (however unsuccessfully) the district court to vary downward based in part on Movant's age and health. Bungard also vigorously championed several other colorable arguments in an attempt to mitigate Movant's sentence. Bungard Affidavit, Exh. F, pp. 47-49; Exh. G, pp. 6-22.

    **c. There is No Legal Support for the Notion that Title 18 is Unconstitutional in its Entirety. The Fact that Bungard Did Not Raise Such an Argument is Evidence of His Competence, Not Ineffectiveness.**

Movant's claim that the entirety of Title 18, United States Code is unconstitutional due to defects in its original passage is simply without any legal basis whatsoever. Statutes defining crimes under Title 18 have been tested for constitutionality over and over again, in the courts of the Nation. Time and again, those statutes, and convictions obtained under them, have

9

been upheld and affirmed.[2]  There is no case law and no legal precedent suggesting that the Title in its entirety was unconstitutionally enacted.  Indeed, if Bungard had raised and relied on such a specious and unsupportable argument, that might have been evidence of ineffective assistance.  But a refusal to raise it certainly is not.  Bungard is right in his Affidavit: "There was no meritorious legal argument or defense that could have been raised . . . concerning any constitutional defects with the original passage of Title 18, United States Code . . .". Bungard Affidavit, p. 10.

---

[2] Of course, there have been instances where statutes defining crimes under Title 18 have been found to be unconstitutional in one respect or another.  The point here, however, is that there is no recognition of the idea here forwarded by Movant that the Title in its entirety is void from inception.

## **CONCLUSION**

Movant has failed to show that his lawyer, David Bungard, provided ineffective assistance of counsel. The United States thus respectfully submits that the Motion to Vacate Sentence should be summarily dismissed and the sentence imposed by the district court should be affirmed.

Respectfully submitted,

R. BOOTH GOODWIN II
United States Attorney


s/Larry R. Ellis
LARRY R. ELLIS
Assistant United States Attorney
WV State Bar No. 1122
300 Virginia Street, East
Room 4000
Charleston, WV  25301
Phone: 304-345-2200
Fax: 304-347-5104
E-mail: larry.ellis@usdoj.gov

CERTIFICATE OF SERVICE

It is hereby certified that the foregoing "UNITED STATES RESPONSE TO MOVANT'S MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255" has been electronically filed and service upon Movant by United States Mail, first class, postage prepaid, this the 16th day of July, 2014, to:

>John Charles Wellman
>#08609-088
>FCC Petersburg
>Petersburg, VA  23804
>
>*PRO SE*

>s/Larry R. Ellis
>LARRY R. ELLIS
>Assistant United States Attorney
>WV State Bar No. 1122
>300 Virginia Street, East
>Room 4000
>Charleston, WV  25301
>Phone: 304-345-2200
>Fax: 304-347-5104
>E-mail: larry.ellis@usdoj.gov