IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

JOHN CHARLES WELLMAN,

        Movant,

v.                                 CIVIL ACTION NO.  1:13-cv-07949
                                   (Criminal No. 1:08-cr-00043)

UNITED STATES OF AMERICA,

        Respondent.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the Movant John Charles Wellman's (hereinafter "Movant") Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 185), and two Motions to Seal Sworn Affidavits, (ECF Nos. 191 and 196), filed by Movant's former defense counsel, David R. Bungard.

Movant was serving an aggregate sentence of 300 months, following his conviction in this Court on three offenses related to the possession of child pornography.  Movant filed an appeal of his convictions and sentences to the United States Court of Appeals for the Fourth Circuit, in which he unsuccessfully asserted that the district court erred in denying his motion to suppress evidence seized in the search of his home; that the district court erroneously instructed the jury concerning a knowledge requirement regarding the obscene nature of the sexually explicit material at issue in Count One of the indictment; and that the consecutive 10-year sentence imposed on Count Two violated the Eighth Amendment.  *United States v. Wellman*, 663 F.3d 224 (4th Cir. 2011).  Movant's petition for a writ of certiorari was denied on April 16,

2012. *Wellman v. United States*, 132 S. Ct. 1945, 182 L. Ed. 2d 800 (Apr. 16, 2012).

The Court has received written notice from the Warden at FMC Butner, where Movant was incarcerated, confirming that Movant passed away on September 28, 2015. Accordingly, the Court **FINDS** that the requested relief is no longer possible. The power of the federal courts to adjudicate claims turns on the existence of a case or controversy. U.S. Const., art. III, § 2; *Daimler-Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006). "When a case or controversy ceases to exist because the issue is no longer live or a party 'lack[s] a legally cognizable interest in the outcome[,]' preventing the court from granting effective relief, the claim becomes moot, and the court lacks the constitutional authority to adjudicate the issue." *Taylor v. Riverside Reg'l Jail Auth.*, Civil Action No. 3:11cv456, 2011 WL 6024499, at *4 (E.D. Va., Dec. 2, 2011) (alterations in original) (citing *Powell v. McCormack*, 395 U.S. 486, 496 (1969) and *North Carolina v. Rice*, 404 U.S. 244, 246 (1971)).

Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255 is now moot by virtue of his death. *See, e.g., Krantz v. United States*, 224 F.3d 125 (2d Cir. 2000) (§ 2255 motion and motion for certificate of appealability were rendered moot by death of movant). Accordingly, Movant's Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255, (ECF No. 185), is **DENIED AS MOOT**.

As for the motions to seal, Movant's Section 2255 motion was based on claims of ineffective assistance of counsel. In response to requests by the government designed to rebut those claims, United States Magistrate Judge Dwane L. Tinsley entered a Memorandum Opinion and Order on June 2, 2014 ordering Mr. Bungard to file an affidavit responding to Movant's specific claims of ineffective assistance of counsel. (ECF No. 190.) That order noted that a habeas petitioner's claim of ineffective assistance of counsel generally waives that petitioner's

attorney-client privilege with the allegedly ineffective lawyer. (*Id*. at 5.) Nonetheless, Magistrate Judge Tinsley placed a limit on the scope of that waiver by ordering Mr. Bungard to include "only that information reasonably necessary to ensure the fairness of these proceedings." (*Id*. at 6.) In addition, the order imposed the further limitation that:

> the attorney-client privilege, which attaches to the communications between Movant and Mr. Bungard, shall not be deemed automatically waived in any other Federal or State proceeding by virtue of the above-ordered disclosure in this section 2255 proceeding. The affidavit and documents supplied by Mr. Bungard shall be limited to use in this proceeding, and the United States is prohibited from otherwise using the privileged information disclosed by Mr. Bungard without further order of a court of competent jurisdiction or a written waiver by Movant.

(*Id*. at 7.)

Mr. Bungard responded by filing two affidavits and requesting that each be filed under seal. Mr. Bungard argues that the first affidavit, along with its accompanying exhibits, contains communications that are protected by the attorney-client privilege. However, as noted above, Magistrate Judge Tinsley's June 2, 2014 Memorandum Opinion and Order recognized the waiver of that privilege in this context and provided explicit protections designed to limit the further use of the otherwise privileged information contained in Mr. Bungard's filings. In light of these findings and this Court's policy in favor of making court documents publicly available, the Court cannot find that exceptional circumstances exist to justify sealing Mr. Bungard's first affidavit and accompanying attachment. *See* Loc. R. of Civ. P. 26.4(b)(1) (noting that the rule "requiring public inspection of court documents" may "be abrogated only in exceptional circumstances"). Accordingly, the Court **DENIES** Mr. Bungard's motion to seal with respect to the first affidavit, (ECF No. 191). Mr. Bungard seeks to seal his second sworn affidavit on the grounds that the affidavit, as well as the exhibit attached thereto, contains Movant's personal medical information. In light of Movant's death, the Court **DENIES AS MOOT** Mr. Bungard's motion to seal with respect to the second affidavit, (ECF No. 196).

The Clerk is **DIRECTED** to unseal each motion to seal and to unseal and docket the accompanying attachments to each motion. In particular, the Clerk is **DIRECTED** to create one docket entry for the first sworn affidavit and its accompanying exhibits, currently attached to the first motion to seal, (ECF No. 191), and another for the second sworn affidavit and its accompanying exhibit, currently attached to the second motion to seal, (ECF No. 196).

Based on the findings set forth herein, the Court **DISMISSES** this civil action, and **DIRECTS** the Clerk to remove this matter from the Court's docket.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 12, 2016

_____
THOMAS E. JOHNSTON
UNITED STATES DISTRICT JUDGE